```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
EDWARD SCHAEFER,                          :
                                          :     CASE NO. 1:11-CV-00747
           Plaintiff,                     :
                                          :
      v.                                  :     OPINION & ORDER
                                          :     [Resolving Doc. No. 28]
CUYAHOGA COUNTY VETERANS                  :
SERVICE COMMISSION, et al.,               :
                                          :
           Defendants.                    :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this FMLA and disability discrimination case, Defendants Cuyahoga County Veterans Service Commission and its Commissioners[1] (collectively "VSC"), move for partial summary judgment against Plaintiff Edward Schaefer.[2] [Doc. 28.] Specifically, VSC says it is entitled to summary judgment on Schaefer's Americans with Disabilities Act and state-law discrimination claims.[3] Finding no genuine issues of material fact, the Court **GRANTS** the Defendants' motion.

**I  Background**

From March 2006 to July 2010, Edward Schaefer worked for Defendant Cuyahoga County Veterans Service Commission as a Veterans Service Officer. A veteran himself, Schaefer assisted other veterans in applying for benefits provided by the Department of Veteran Affairs and by the

---

[1] Schaefer's complaint names, in their official capacities, Commissioners Mel Baher, Frank Pocci, Daniel T. Weist, Thomas T. Zung, and Bob Potts.

[2] There seems to be some confusion over the spelling of the Plaintiff's surname. This Court uses the spelling Schaefer uses in his own pleadings.

[3] VSC does not seek summary judgment on Schaefer's FMLA claim.

Case No. 1:11-CV-747
Gwin, J.

Veterans Service Commission. Schaefer suffers from Post Traumatic Stress Disorder and from "disabilities related to his hearing and his back." [Doc. 33 at 2.]

According to Schaefer, his period of employment with the VSC was marked with a large number of absences, some resulting both from his disabilities and from other medical conditions. [Doc. 33 at 2.] On April 21, 2009, John Murphy (one of Schaefer's supervisors) issued him an "Abuse of Sick Leave" letter detailing Schaefer's absences during his employment. The letter states that Schaefer had been absent from work for a total of 1,006.89 hours, not "includ[ing] (2) two 3 day periods of Funeral Leave or (9) nine Personal Days." And, "[b]ased on the number of hours you have used since being hired, and as you were previously advised, any further absence due to illness will require you to have a slip from your doctor confirming that your absence was due to an illness." [Doc. 33-4.] According to the letter, of the 1006.89 missed hours, 480 were for FMLA-approved leave, but it is unclear how many hours Schaefer missed on account of his disabilities.

Although neither party filed VSC's employee handbook or official policies, apparently the "abuse of sick leave" policy is an exception to VSC's usual leave policies. Murphy testified that Schaefer is the only employee he has ever placed on such a restriction. *See* [Doc. 33-23 at 42.]

Schaefer missed work on May 5, 2009 (FMLA leave) and on December 22, 2009 (court summons). On December 23, 2009, Murphy notified the commissioners that Schaefer was AWOL and recommended termination.

In response, Schaefer filed an Equal Employment Opportunity discrimination charge against Murphy that Robert Schloendorn, Murphy's superior, rejected. The Commissioners denied Schaefer's appeal of his EEO charge but decided against termination. Instead, the Commissioners presented Schaefer with a "last chance agreement" which allowed him to keep his job. On January

Case No. 1:11-CV-747
Gwin, J.

21, 2010, Schaefer signed the agreement, acknowledging that he would comply with leave restrictions:

> "Schaefer continues to document, as required, all leaves for medical reasons in accordance with the Employer's policy, ie: a note signed by his doctor or if a patient in any clinic or hospital where a doctor note is unavailable, copies of the discharge summary provided by the clinic or hospital and to provide said documents immediately upon his first return to the offices . . . [and] continues on concurrent FMLA leave and continues to use all available leave time when necessary for treatment of disabilities, making every effort to retain some leave time as protection for need for any future events . . . ." [Doc. 28-6.]

The next few months passed without incident; however, on June 29, 2010, Schaefer went to Fairview Hospital with both physical and mental health complaints. On June 30, 2010, Schaefer's doctor discharged him from the hospital. On July 9, 2010, Schaefer returned to work, and presented three medical documents to explain his absence from work: 1) discharge papers from the hospital showing admittance June 29-30, 2010; (2) a statement from chiropractor James O'Reilly explaining the July 5-8 absences; and (3) a note from Schaefer's physician, Dr. Kilani, clearing Plaintiff to return to work on July 9. [Doc 33 at 10.] *See* [Doc. 33-15]; [Doc. 33-16]; [33-17.]

On July 15, 2010, Schloendorn—believing that Schaefer had failed to account for his absences on July 1 and 2, and was in violation of the last chance agreement—terminated Schaefer. [Doc. 28-5.] Against this backdrop, Schaefer alleges violations of the Family Medical Leave Act ("FMLA"); the American's with Disabilities Act ("ADA"); and the Ohio Anti-Discrimination statutes under Ohio Revised Code § 4112. VSC now moves for partial summary judgment on Schaefer's latter two claims.[4/]

---

[4/] Ohio courts look to "regulations and cases interpreting the federal [American's with Disabilities] Act for guidance in [their] interpretation of Ohio law." *City of Columbus Civil Serv. Comm'n. v. McGlone*, 82 Ohio St. 3d 569, 573 (Ohio 1998). This Court, therefore, evaluates Schaefer's ADA and Ohio disabilities claims under the same standard and need not address the two separately.

Case No. 1:11-CV-747
Gwin, J.

## II. Law and Analysis

On a summary judgment motion, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) ("[T]he judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."). Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"To recover on a claim of discrimination under the [ADA], a plaintiff must show that: 1) he is an individual with a disability; 2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996) (citations omitted). Claims based on circumstantial evidence of discrimination are analyzed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework:

> On a motion for summary judgment, a district court considers whether there is sufficient evidence to create a genuine dispute at each stage of the *McDonnell Douglas* inquiry. Thus, the plaintiff must first submit evidence from which a reasonable jury could conclude that a prima facie case of discrimination has been established. The defendant must then offer sufficient evidence of a legitimate, nondiscriminatory reason for its action. If the defendant does so, the plaintiff must identify evidence from which a reasonable jury could conclude that the proffered reason is actually a pretext for unlawful discrimination.

*Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 364 (6th Cir. 2007) (citations omitted).

For the purposes of summary judgment, VSC does not allege that Schaefer fails to prove his prima

-4-

Case No. 1:11-CV-747
Gwin, J.

facie case,[5] and Schaefer does not argue that VSC fails to offer a legitimate, nondiscriminatory reason for his termination.[6] Thus, Schaefer and VSC are essentially disputing the issue of pretext.

### A. Pretext

"A plaintiff may demonstrate that an employer's proffered legitimate reason for an adverse employment action is pretextual: 1) by showing that the reason has no basis in fact; 2) by showing that the reason did not actually motivate the employer's action; or 3) by showing that the reason was insufficient to motivate the action." *Macy*, 484 F.3d at 366. To avoid a finding of pretext, the employer can "establish its reasonable reliance on the particularized facts that were before it at the time the decision [to terminate] was made." *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998). In terminating Schaefer, VSC relied on a number of facts: 1) Schaefer had voluntarily executed a last chance agreement; 2) that agreement required Schaefer to provide medical documentation for all sick leave absences; 3) Schaefer was absent from work June 29-July 8, 2010; 4) when he returned to work on July 9, 2010 he presented three documents to explain his absence; 5) Schloendorn reviewed the documents; 6) the documents provided no explanation for Schaefer's absence on July 1 and 2, 2010; and 7) Schaefer was in violation of the last chance agreement. Consequently, Scholoendorn terminated Schaefer. Because Schaefer does not offer contrary

---

[5] "To establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability. The third element requires that the plaintiff suffer an adverse employment action." *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir 2008) (internal citation and quotation marks omitted).

[6] Schaefer also alleges that he has direct evidence of discrimination: three comments that "obviously evince that Schloendorn and Murphy questioned [his] ability to perform his Service Officer duties on account of his disabilities," and demonstrate that VSC fired him based on discriminatory animus. *See* [Doc 33 at 15.] "Isolated and ambiguous comments," however, "are not sufficient to make out a direct-evidence case of employment discrimination." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F. 3d 367, 382 (2002). Thus, these three comments—not made at the time, or in connection with, Schaefer's termination—are circumstantial, but not direct, evidence of discrimination. *See, e.g.*, *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998).

Case No. 1:11-CV-747
Gwin, J.

evidence or demonstrate how these facts were insufficient for or did not actually motivate his termination, he fails to show that VSC's reasons are pretextual. *See* Wright v. Murray Guard, Inc., 455 F. 3d 702, 707-08 (6th Cir. 2006) ("[A]n employee cannot prove pretext even if the employer's reason in the end is shown to be mistaken, foolish, trivial, or baseless. . . . we do not require that the decisional process used by the employer be optimal or that it left no stone unturned." (internal citations and quotation marks omitted.)).

Furthermore, Schaefer does not effectively "challenge[] the reasonableness of the employer's decision." Sybrandt v. Home Depot, U.S.A., Inc., 560 F. 3d 553, 558 (6th Cir. 2009). Even favorably considering all of Schaefer's evidence, a reasonable jury could not conclude that VSC's decision to terminate Schaefer, based on an indisputable violation of the last chance agreement, was unreasonable. Accordingly, there is no genuine issue of material fact with regard to pretext.

B. Failure to Accommodate

VSC is also correct that Schaefer cannot sustain his ADA claim on a "failure to accommodate" theory. "[I]t is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." 29 C.F.R. Pt. 1630, App. § 1630.9. Moreover, employers are not responsible for "speculat[ing] as to the extent of the employee's disability or the employee's need or desire for an accommodation." Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1046-47 (6th Cir. 1998). Despite taking FMLA leave, Schaefer never explicitly requested an accommodation for a modified work schedule or leave of absence for his disability. [Doc. 28-1.] And because "the fact that Plaintiff failed to request these accommodations from Defendant is in itself fatal to Plaintiff's claim," VSC's knowledge of Schaefer's disability is irrelevant. Virts v. Consol. Freightways Corp. of Delaware, 285 F.3d 508, 518 (6th Cir. 2002). Accordingly, as there

Case No. 1:11-CV-747
Gwin, J.

is no genuine issue of material fact, VSC is entitled to summary judgment on Schaefer's "failure to accommodate" claim.

For the foregoing reasons, the Court GRANTS VSC's motion for summary judgment on Schaefer's state-law and ADA discrimination claims.

IT IS SO ORDERED.


Dated: December 30, 2011                  s/        *James S. Gwin*
                                                             JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE